FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 0 6 2015

DAVID J MALAND, CLERK
BY
DEPUTY_____

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

_____

GREGORY A. MILTON, #04717-084
Post Office Box 26030
Beaumont, Texas   77720,

        Plaintiff,

       v.

UNITED STATES OF AMERICA, et al.;

U.S. DEPARTMENT OF JUSTICE,
Federal Bureau of Prisons,
320 First Street, N.W.
Washington, D.C.   20534;

CHARLES E. SAMUELS, BOP Director,
320 First Street, N.W.
Washington, D.C.   20534;

J.A. KELLER, Regional Director,
344 Marines Forces Drive
Grand Prairie, Texas   75051;

JOSEPH SULLIVAN, Asst. Inspector
General, 950 Pennsylvania Avenue, N.W.
Washington, D.C.   20530 Room 4261;

JAMES DOE, BOP Internal Affairs Dir.
320 First Street, N.W. Washington,
D.C. 20534, Room 600

J. McDERMOTT, Special Agent,
Inspector General Office
4040 North Central Expressway
Dallas, Texas   75204

CHARLES A. DANIELS, Warden
6200 Knauth Road, Beaumont,
Texas   77705;

JOHN A. FOX, El Reno Warden
4205 Highway 66 West
El Reno, Oklahoma   73036;

A. CIOLLI, Associate Warden
6200 Knauth Road, Beaumont,
Texas   77705

R. CHILDRESS, Special Investigation
Agent, 6200 Knauth Road, Beaumont,
Texas   77705;

Civil Action No. 15-Cv-139

(FOIA, FTCA, BIVENS, HABEAS)

MC/KFG

J. JOHNSON, Captain
6200 Knauth Road Beaumont,
Texas   77705;

S.D. SAWYER, Disciplinary
Hearing Officer, 6200 Knauth
Road, Beaumont, Texas   77705;

JANE DOE, Physician Assistant
6200 Knauth Road, Beaumont
Texas   77705;

B. BOHANNON, Lieutenant
6200 Knauth Road, Beaumont,
Texas   77705;

RUSSO, Lieutenant
6200 Knauth Road, Beaumont,
Texas   77705;

Q. FROISNESS, Lieutenant
6200 Knauth Road, Beaumont,
Texas   77705;

D. THAMEZ, Lieutenant
6200 Knauth Road, Beaumont,
Texas   77705;

J. PINA, former BOP Officer
Houston Police Department
61 Riesner, Houston Texas 77002;

D. DEVEREAUX, BOP Officer
6200 Knauth Road, Beaumont,
Texas   77705;

D. ROBINSON, BOP Officer
6200 Knauth Road, Beaumont,
Texas   77705;

Q. GRAVES, BOP Officer
6200 Knauth Road, Beaumont,
Texas   77705;

B. WRIGHT, Chaplain Services
6200 Knauth Road, Beaumont,
Texas   77705;   (LKA)

J. CLACK, BOP Officer
6200 Knauth Road, Beaumont,
Texas   77705;   (LKA)

N. HAMMOND, BOP Officer
6200 Knauth Road, Beaumont,
Texas   77705;

D. CLENDENIN, BOP Officer
6200 Knauth Road, Beaumont,
Texas   77705 (LKA),

JOHN DOE, BOP Officer
6200 Knauth Road, Beaumont,
Texas   77705;

JACK DOE, BOP Officer
6200 Knauth Road, Beaumont,
Texas   77705;

JESSE DOE, BOP Officer
6200 Knauth Road, Beaumont,
Texas   77705;

JANET DOE, BOP Officer
6200 Knuath Road, Beaumont,
Texas   77705;

JULIET DOE, BOP Officer
6200 Knauth Road, Beaumont,
Texas   77705;

JACQUELINE DOE; BOP Officer
6200 Knauth Road, Beaumont,
Texas   77705;

C. HADNOT, BOP Counselor
6200 Knauth Road, Beaumont,
Texas   77705;

M. LEFEVER, RDAP Coordinator
6200 Knauth Road, Beaumont,
Texas   77705,   (LKA)

N. McCOY, BOP Officer
6200 Knauth Road, Beaumont,
Texas   77705,

Defendant(s).

**COMPLAINT WITH JURY DEMAND**

## INTRODUCTION

This is a civil action by Gregory A. Milton, a federal prisoner, for damages and injunctive relief which alleges excessive and wanton use of force, assault and battery, denial of medical attention, failure to train, failure to protect, negligence, conspiracy/cover-up, denial of access to the court, failure to release information in violation of the First Amendment right, Fifth Amendment right(s) to due process and equal protection, Eighth Amendment right to be free from cruel and unusual punishment, and state tort law.

## JURISDICTION

1. This Court has jurisdiction over plaintiff's claims of the violations of constitutional and statutory rights under 5 U.S.C. §552; 28 U.S.C. §1331, §2241 and §2680; 42 U.S.C. §1981, §1983, §1985 and §1986.

## PARTIES

2. Plaintiff, Gregory A. Milton, was and continues to be incarcerated at the time of the filing of this complaint at the United States Penitentiary Beaumont, Texas during the events described in complaint.

3. Defendant, United States is sued under statutory and tort law.

4. Defendant(s), Samuels, Keller, Daniels, Fox, Childress, Ciolli and James Doe are employees of the BOP and are sued in their official and individual capacities.

5. Defendant(s), Sullivan and McDermott are employers of the Office of the Inspector General and are sued in their official and individual capacities.

6. Defendant S.D. Sawyer is the Disciplinary Hearing Officer (DHO) employed by the BOP and is responsible for hearing disciplinary charge(s) made against federal prisoners for alleged violations of prohibited act within the BOP and is sued in her official and individual capacity.

7. Defendant(s), Bohannon, Russo, Froiness, and Thamez are employees (or former employees) of the BOP as Lieutenant(s) and are sued in their official and individual capacitites.

8. Defendant Pina is a former employee of the BOP and is sued in his individual capacity.

9. Defendant(s), Clack, Wright, Graves, Robinson, Devereaux, Hammond, and McCoy are employed by the BOP and are sued in their official and individual capacities.

10. Defendant(s), J. Doe(s) are employed by the BOP and are sued in their official and individual capacities.

11. Defendant Hadnot is employed by the BOP as a Unit Counselor and is sued in his official and individual capacity.

12. Defendant Lefever is employed by the BOP and was a former Residential Drug Treatment (RDAP) Counselor at USP Beaumont at the time of the filing of this suit and is sued in her official and individual capacity.

FACTS

Assault and Battery

13. On April 20, 2013, plaintiff was assaulted by defendant Pina in the presence of defendant(s) Clack, Wright, Graves, Robinson, Clendenin, and in view of four (4) surveillance cameras after the plaintiff complied with direct orders for a patdown search. Once the unprovoked assault and battery begun, plaintiff attempted to move in the opposite direction of the assaulting defendant. When plaintiff heard someone yell "fight", he immediately laid onto the ground face down. Pina dropped on top of plaintiff elbowing him then commanding him to turn over while Pina pressed his weight on top of plaintiff preventing him from doing so. Pina then stuck plaintiff in the face/head several times after he was handcuffed.

14. Plaintiff was escorted to the Lieutenant's Office where he was videotaped, and his boots, MP3 player, and other property was removed from his person. The video camera was manned by defendant Devereaux, and plaintiff was escorted to the medical department for an assessment where his vital signs were taken. During this assessment, plaintiff made complaints that the handcuffs were "too tight" but his complaints went completely ignored by all staff present.

15. Plaintiff was escorted to the Special Housing Unit (SHU) and placed in a holding cell with the handcuffs still on, although he requested that they be removed because of the pain he was experiencing. Defendant Thamez came into the holding area, and plaintiff pleaded with him to remove the handcuffs which he did. Upon seeing the condition of plaintiff's hands/wrists, Thamez took several photos of his hand and face/head.

16. Plaintiff was "dressed out" and placed in a SHU cell without receiving any further medical attention.

17. Thamez served plaintiff with an incident report charging him with assault of a staff member (defendant Pina) in violation of BOP prohibited act code (PAC) 224.

18. On April 23, 2013, plaintiff received a Unit Disciplinary Committee (UDC) hearing while in SHU by Counselor Soto, at which time plaintiff requested a staff representative (Staff Rep) and witnesses.

- 4 -

Denial of Due Process

19. On or about May 5, 2013, plaintiff was removed from his SHU cell and taken before the DHO for a disciplinary hearing on the PAC 224 assault charge. Defendant(s) Russo and Sawyer were present, and plaintiff declined waiving his right to a Staff rep although it was stated he did not need one and would not be receiving "time served" before any evidence was heard. Plaintiff declined waiving his Staff Rep and his DHO hearing was postponed.

20. On May 8, 2013, plaintiff was again removed from his SHU cell and taken before the DHO. Defendant Hadnot who was plaintiff's Staff Rep and was present at the DHO hearing, Hadnot was allowed to contact defendant Clack telephonically because he had not previously spoke to her. Consequently, plaintiff's other staff witness did not appear and was not contacted by plaintiff's Staff Rep, nor did he present any other evidence plaintiff requested in writing and was provided to both Hadnot and Sawyer.

21. The DHO found plaintiff guilty of the PAC 224 charge and sanctioned him to 27 days loss of good conduct time (GCT), 30 days disciplinary segregation, and 90 days loss of phone and email privileges. Plaintiff appealed the DHO findings and sanctions to defendant Keller South Central Regional Director for the BOP, who directed a rehearing be conducted.

22. Plaintiff received another UDC hearing from Hadnot at which time he requested defendant Lefever as a Staff Rep and several witnesses. Following Lefever's agreeing to represent plaintiff at his DHO rehearing, he spoke with Lefever, presented her with an Inmate Request form which she never responded to, thus after a brief discussion with the Staff Rep plaintiff submitted several electronic request (e-request) to Lefever.

23. On October 14, 2013, plaintiff forwarded his e-request that he sent to Lefever to the DHO so that his request could be made part of the disciplinary record. Consequently, Sawyer neither responded to or acknowlegded plaintiff's request although it directly related to his rights.

24. On November 5, 2013, plaintiff spoke with defendant Daniels concerning Lefever's failure to adhere to her duties as a Staff Rep as required under BOP policy, and provided Daniels with a written inmate request form with attachments and followed the writter request up with an e-request dated November 7, 2013.

25. On November 22, 2013, plaintiff's DHO rehearing was held and plaintiff was informed by Sawyer that the only reason that his DHO hearing was being held again was because his witness did not testify in person instead through a memorandum. Although, plaintiff requested that certain evidence be considered at the DHO hearing it was disregarded, and his Staff Rep continued to refuse to perform her duties.

26. Plaintiff was found guilty again by the DHO and requested his Staff Rep to assist him in writing his appeal to the South Central Regional Office (SCRO) due to the discrepanies in the evidence considered at separate DHO hearings. Lefever disregarded plaintiff's request and he filed his own appeal.

27. Plaintiff filed a separate administrative remedy request concerning the violation of his due process request which was continually rejected at each stage of the administrative process.

## Conspiracy/Cover-Up

28. On May 20, 2013, plaintiff was released from the SHU, and was called to the Lt.'s office on or about May 29, 2013 at which point defendant Childress informed him that he would have to be placed back in SHU for staff safety reasons. However, plaintiff was given an ultimatum to either withdraw his administrative complaint and he would be able to remain in general population or he would have to be placed in SHU.

29. Plaintiff reluctantly withdrew his complaint, and after he left the Lt.'s office he learned that Pina no longer worked for the BOP and was now a Houston Police Officer. When plaintiff expressed that Pina was wrong for what he did it was acknowledged to plaintiff that his being punched in the face by Pina was observed.

30. Plaintiff refiled his complaint, and forwarded certified letters to the local Congressional Representative, the Office of the Inspector General (OIG) in Washington D.C. and locally, and the Office of Internal Affairs for the BOP.

31. On Sept. 9, 2014, plaintiff was again called to the Lt.'s office where Childress took a statement from plaintiff, and informed him that he had the tape of the incident. When plaintiff inquired about why this matter was not addressed previously he was told that Pina had "resigned."

## Denial of Release of Information

32. Plaintiff sought release of information from the BOP which was denied based on an alleged inability to "segregate" the information because of a change of the storage system of the requested records. This denial was upheld under the Freedom of Inmformation Act (FOIA), prompted plaintiff to challenge the denial of the release of the information under principles of due process and equal protection grounds. Plaintiff's FOIA claim was denied for the Use of Force Tape from the April 20, 2013 incident.

## Denial of Access to Court

33. On Sept. 19, 2013, plaintiff received "legal/Special Mail" from the court through the "regular" mail processing system of the BOP general population. Consequently, the legal mail plaintiff received was postmark on the envelope was "May 16, 2014" and had the

handwritten markings indicating that it was processed by the mail-room and sent to SHU prior to plaintiff's release.

33. Plaintiff prepared and forwarded to the Supreme Court a certiorari petition after receiving the delayed mail after he had previously requested an extension of time to file. Consequently, the petition for certiorari review was rejected as untimely, due to it not being filed in time.

## Federal Tort Claim Act

34. Plaintiff filed a tort claim concerning the injury he suffered from being assaulted by Pina and the failure of other BOP staff to intervene as the assault and battery continued until the handcuffs were removed by Thamez.

35. Plaintiff was called to the Lt.'s office by defendant Froisness who told plaintiff that because Pina resigned the tort would just sit on a shelf and he could not get any relief so he should sign off on it dropping the claim.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

36. Plaintiff has exhausted his administrative remedies with respect to all claims

## CLAIMS FOR RELIEF

37. The actions of Pina, Devereaux, Wright, Robinson, Graves, Clack, Hammond, Clendenin, and Jane Doe in the assault and battery of plaintiff without provocation, or failing to intervene to prevent the misuse of force constituted cruel and unuusal punishment in violation of the Eighth Amendment.

38. The actions of Pina, et.al. in the assault and battery of plaintiff constituted the tort of assault and battery under the law of the State of Texas.

39. The failure of Samuels, Keller, Sullivan, James Doe, Ciolli, McDermott, Fox, Childress, and Johnson to curb the known pattern of physically abusing prisoners constituted deliberate indifference to plaintiff and other prisoner's safety and contributed to and proximately caused the above violation of the Eighth Amendment right to be free from cruel and unusual punishment and assault and battery.

40. The actions of Hadnot and Lefever in refusing and/or failing to assist plaintiff in his disciplinary proceedings as his Staff Rep; and Sawyer in refusing and/or failing to consider plaintiff's evidence in his disciplinary proceedings; and the failure of Samuels, et al., to correct the errors in plaintiff's DHO hearing and to properly train BOP staff caused a violation of plaintiff's due process rights in violation of the Fifth and Fourteen Amendment(s).

41. The actions of Jane Doe in failing to fully assess the plaintiff medically and provide proper medical treatment to him constituted deliberate indifference to his medical needs in violation of the Eighth Amendment.

42. The actions of Russo, John, Jesse, Janet, Juliet, and Jacqueline Doe(s) in delaying, obstructing, and /or impeding the plaintiff's legal mail violated his First Amendment right to access to the court.

43. All named defendants violated plaintiff's constitutional rights in taking part in a conspiracy and/or cover-up in the assault and battery of plaintiff by former BOP officer Pina.

44. The BOP violated plaintiff's due process and equal protection rights by denying him access and/or the release of information under FOIA.

WHEREFORE, plaintiff request that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The assault and battery of plaintiff by Pina, et al. violated plaintiff's rights under the Eighth Amendment and constituted as assault and battery under state law.

2. The denial of plaintiff's access to the court when his legal mail was delayed, obstructed and /or impeded thereby violating his First Amendment right to access to the court and constituted actual injury.

3. The denial of the release of information to plaintiff violated his statutory and constitutional rights when he was entitled to the information.

B. Issue an injunction ordering that the BOP:

1. Release the segregated portions of the recorded telephone conversations sought by plaintiff.

2. Expunge the disciplinary conviction which is the subject of this complaint from palintiff's disciplinary record.

C. Award compensatory and punitive damages:

1. $1,000,000 in total against defendants for the excessive and wanton use of force resulting in the physical injury to the plaintiff stemming from the assault and battery, and violation of his constitutional rights.
2. $500,000 in total against defendants for the excessive and wanton use of force resulting in the physical injury to the plaintiff stemming from the assault and battery, and violation of his constitutional rights.

D. Grant such relief as it may appear that plaintiff is entitled, and that he not receive any retaliatory actions in the form of the sudden seizure of his person and/or property, and that he is not "set up" e.g., by planting a weapon or other contraband into his cell or on his person, or that any other "false" disciplinary charges are placed upon him.


Dated: March 31 , 2015


                              Respectfully submitted,

                              _____
                              Mr. Gregory A. Milton
                              Pro se Plaintiff
                              Reg. No. 04717-084
                              U.S.P. Beaumont
                              Post Office Box 26030
                              Beaumont, Texas   77720

- 9 -

Mr. Gregory A. Milton
Reg. No. 04717-084
U.S.P. Beaumont
Post Office Box 26030
Beauomnt, Texas  77720

March 31, 2015

Office of the Clerk
United States District Court
Eastern District of Texas
300 Willow Street
Beaumont, Texas  77701

Re: <u>Gregory A. Milton v. United States</u>, et al, 15-Cv-<u>139</u>

Dear Sir/Madam:

    Please find enclosed one (1) original and two (2) copies of the undersigned Pro se Plaintiff's FOIA, FTCA BIVENS and HABEAS suit.

    I have **enclosed t**he extra copy so that it can be file-stamped by your office in order to be returned to me in the self addressed stamped envelope provided herein for my personal records and to acknowledge receipt of the same.

    Thank you for your time and attention to this very important matter, and I look forward to hearing from your office soon.

                            Very truly yours,

                            _____
                            Mr. Gregory A. Milton
                            Pro se Plaintiff


enc.