IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GREGORY A. MILTON | § | |
| VS. | § | CIVIL ACTION NO. 1:15-cv-139 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Gregory A. Milton, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this civil action pursuant to the Federal Tort Claims Act ( the "FTCA"). This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a Motion to Dismiss filed by Defendant (doc. #32.). Defendant asserts this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because, as Plaintiff filed his case after the applicable period of limitations expired, the court lacks subject-matter jurisdiction over his claim.

Factual Background

Plaintiff alleges that on April 20, 2013, he was assaulted by a staff member and that other staff members failed to intervene on his behalf (doc. #1, p.4.). Plaintiff filed an administrative tort claim, dated January 8, 2014, complaining about the incident (doc. #32-1, p.6.). An investigation was conducted and, in a letter dated March 5, 2014, Plaintiff's claim was denied (doc. #32-1, p.29.). The letter informed Plaintiff he had six months from the date of the letter to file a lawsuit in the appropriate United States District Court.

Rather than file a lawsuit, Plaintiff filed another administrative tort claim regarding the incident (doc. #32-1, p. 32.). This document was dated September 15, 2014. A letter dated September 24, 2014, informed Plaintiff that his second administrative tort claim was interpreted as a request for reconsideration of his original filing (doc. #32-1, p. 45.). The letter indicated that the second administrative tort claim was filed after the deadline for Plaintiff to seek additional review of his claim. The letter stated no further review of the matter would occur.

An additional letter, dated October 31, 2014, was subsequently sent to Plaintiff (doc. #32-1, p.47.). The letter acknowledged receipt of correspondence from Plaintiff asserting that the review and denial of his previous claims had been inadequate. The letter stated that Plaintiff's claims had been considered and adjudicated on March 5, 2014, and again said no further review would occur.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject-matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019); *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The burden of proof is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## Analysis

"It is elementary that [t]he United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court defines that court's jurisdiction to entertain the suit." *"Broussard v. United States*, 989 F.2d 171, 174 (5th Cir. 1993) (internal quotations and citations omitted). The FTCA constitutes a limited waiver of sovereign

2

immunity.  *United States v. Orleans*, 425 U.S. 807, 813 (1976).  Courts must strictly construe all waivers of the government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign.  *See United States v. Nordic Village, Inc*, 503 U.S. 30, 33 (1992).

In order to bring a claim against the United States under the FTCA, a claimant must file an administrative claim with the appropriate federal agency within two years of the accrual of the claim, and then file a tort claim lawsuit within six months after the denial of the claim by the administrative agency. 28 U.S.C. § 2401(b); *Ramming*, 281 F.3d at 162.  Although the statute is phrased in the disjunctive, it requires the claimant to meet both filing deadlines.  *Id*.[1]

Plaintiff filed an administrative claim with the appropriate federal agency, the Bureau of Prisons, within two years of when his claim accrued.  The Bureau denied his claim in a letter dated March 5, 2014.  Plaintiff's complaint is dated March 31, 2015.  This lawsuit was therefore filed more than six months after the denial of Plaintiff's administrative tort claim.

As described above, Plaintiff filed what the Bureau interpreted as a request for reconsideration.  Prior to the expiration of the six month period provided for in Section 2401(b), a claimant may file a written request with the agency for reconsideration of final disposition of a claim.  28 C.F.R. § 14.9(b).  A timely request for reconsideration tolls the six month statute of limitations for bringing an action in district court.  *Roman-Cancel v. United States*, 613 F.3d 37, 43 (1st Cir. 2010); *Gervais v. United States*, 196, 197-98 (9th Cir. 1988).  Here, however, Plaintiff's request for reconsideration was dated September 15, 2014, more than six months after the

---

[1] Title 28 U.S.C. § 2401(b) states: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim . . . ."

administrative tort claim was denied. As the request for reconsideration was not filed within six month after the denial, the request did not toll the running of the period of limitations.

This lawsuit was not filed within six months of the denial of Plaintiff's administrative tort claims. As the lawsuit was not filed within the applicable statute of limitations, the court lacks subject-matter jurisdiction over Plaintiff's claim. The Motion to Dismiss should therefore be granted.

## Recommendation

The Motion to Dismiss should be granted.

## Objections

Objections to this Report and Recommendation must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 8th day of June, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE